815 F.2d 77
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert ELMORE, Petitioner-Appellant,
v.
Dale FOLTZ, Respondent-Appellee.
 No. 85-1920.
 United States Court of Appeals, Sixth Circuit.
 Feb. 19, 1987.
 
 Before KENNEDY, Circuit Judge, CELEBREZZE, Senior Circuit Judge; and SPIEGEL,* District Judge.
 PER CURIAM.
 
 
 1
 Petitioner-appellant Robert Elmore appeals from the denial of his petition for writ of habeas corpus after remand from this Court. In Elmore v. Foltz, 768 F.2d 773 (6th Cir.1985), another panel of this Court remanded his petition to the United States District Court for the Eastern District of Michigan for consideration of petitioner's claim that he was denied effective assistance of counsel. The facts and procedural history of this case are set out fully in that decision and need not be repeated here. On remand, the District Court denied petitioner's petition for writ of habeas corpus. Petitioner appeals from that denial.
 
 I.
 
 2
 Petitioner argues that he was denied effective assistance of counsel during his trial. The Supreme Court announced the standards for evaluating claims of ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668, 686 (1984): "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversial process that the trial cannot be relied on as having produced a just result." There are two steps in making this determination:
 
 
 3
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
 
 
 4
 Id. at 687.
 
 
 5
 Petitioner argues first that his attorney failed to properly investigate and to obtain potentially exculpatory tape recordings, thus depriving him of effective assistance of counsel. Petitioner offers nothing but his own assertions to show that had his attorney listened to the tapes, the outcome of the trial would have been different. In the absence of a showing that petitioner was prejudiced by his counsel's failure to listen to the tapes, we need not decide whether the performance of petitioner's counsel was deficient.
 
 
 6
 Petitioner also contends that his attorney's performance was substandard because the attorney failed to present petitioner's defense of entrapment. Again, however, petitioner makes no showing as to how he was prejudiced by his attorney's failure to present this defense. Since we find no prejudice, we do not consider whether the performance of petitioner's counsel was deficient.
 
 II.
 
 7
 Accordingly, petitioner's petition for writ of habeas corpus is DENIED.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation